**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER CARMONA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO: 4:22-CV-01208** |
| **CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

## JOINT SCHEDULING REPORT

The parties, by and through their undersigned counsel, hereby file this Joint Scheduling

Report in accordance with this Court's Order of April 15, 2022, Federal Rule of Civil Procedure

26(f), and Local Rule 16.1(b). Counsel for the parties have communicated regarding the scheduling

issues contained herein and agree to its contents.

**1.      State when the parties conferred by Rule 26(f) and identify the counsel who conferred.**

Jon H. Patterson, Counsel for Defendant Carrington Mortgage Services, LLC conducted a telephone call with pro-se Plaintiff Christopher Carmona on Monday July 25, 2022. A follow-up call with Mr. Carmona, Mr. Patterson and co-counsel for Carrington Gabriella Alonso took place on Wednesday July 27, 2022.

**2.      List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.      Briefly describe what this case is about.**

Plaintiff states that this suit arises from a loan denial where his allegations include manipulation of bank statements and change of contract terms, interest rate and pay off amounts that cause the loan to be denied. Plaintiff asserts claims against Carrington Mortgage Services for Bad faith and

Breach of Contract. Plaintiff claims that his credit score met loan criteria.

Defendant Carrington Mortgage Services, LLC denies all allegations and asserts affirmative defenses of all Plaintiff's claims barred by the statute of frauds, parole evidence rule, economic loss doctrine and failure to perform all conditions precedent to recovery. Specifically, Defendant attempted on multiple occasions to work with Plaintiff for approval of a refinance of his existing Carrington loan, but those attempts were not successful as Plaintiff did not qualify per investor guideline eligibility.

**4.      Specify the allegation of federal jurisdiction.**

Defendant Carrington Mortgage Services, LLC removed this case on the basis of diversity jurisdiction and amount in controversy exceeding $75,000.00, as Plaintiff demanded $147,000 for damages in his Complaint. Carrington Mortgage Services, LLC is a Delaware limited liability company and is not a citizen of Texas. Plaintiff is a resident and citizen of the state of Texas. Defendant contends jurisdiction is proper in the Southern District of Texas.

**5.      Name the parties who disagree and the reasons.**

The parties are in agreement as to federal jurisdiction.

**6.      List anticipated additional parties that should be included when they can be added and by whom they are wanted.**

There are no additional parties to be added at this time.

**7.      List anticipated interventions.**

There are no anticipated interventions.

**8.      Describe class action issues.**

There are no class action issues.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have discussed voluntary initial disclosures pursuant to Fed. R. Civ. P. 26.  The parties agree to make voluntary initial disclosures in accordance with Fed. R. Civ. P. 26 on or before August 10, 2022.

**10.     Described the proposed agreed discovery plan, including:**

**A.  Responses to all the matters raised in rule 26(f)**

The parties propose that factual and expert discovery should be closed on <u>February 28, 2023</u>.

**B. When and to whom the plaintiff anticipates it may send interrogatories**

Plaintiff anticipates sending interrogatories to Defendant by October 31, 2022.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff by October 31, 2022

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff intends to take the depositions of John Straw, Sophia Persichini, Timothy Willis, James Stone, and Renee Casper by February 28, 2023.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant intends to take the deposition of Christopher Carmona by February 28, 2023.

**F. When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff: November 30, 2022

Defendant: December 20, 2022

**G. List expert depositions the plaintiff (or the party with the burden of proof of on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)**

Plaintiff anticipates that if he obtains an expert the deposition of such expert should be able to be completed by January 15, 2023.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)**

At this point Defendant does not anticipate taking any expert depositions unless Plaintiff identifies an expert. However, if an expert is identified, Defendant anticipates such expert deposition should be completed by February 15, 2023.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties propose that factual and expert discovery should be closed on <u>February 28, 2023</u>.

Plaintiff anticipates taking discovery regarding Defendant's actions with respect to his loan applications and its defenses contained in its Answer and any amendments thereto.

Defendant's anticipate taking discovery on due diligence and communication of all allegations made by Plaintiff on why his loan was denied, including any information upon which he bases his allegation that Carrington's actions with respect to his loan applications were wrongful.

The parties do not believe that discovery should be conducted in phases or limited to any particular issues, other than the limits imposed by the Federal Rules of Civil Procedure.

Absent leave of Court, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and limitations therein, and Local Rule 26.1.  The parties do not anticipate any changes or limitations on the scope of discovery provided in Fed. R. Civ. P. 26(b).  The parties reserve the right to request this Court to change the limitations or extend deadlines should it become necessary to do so.

**12.      Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.      State the date the planned discovery can reasonably be completed.**

February 28, 2023.

**14.      Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have been discussing settlement and believe that a mediation or settlement conference would likely lead to potential resolution of this matter.

**15.      Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has made an initial settlement demand, and Defendant has made a responsive settlement offer. The parties believe an early settlement conference or mediation would likely lead to a potential resolution of this matter.

**16.      From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe an early settlement conference or mediation would likely lead to a potential resolution of this matter.

**17.      Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to referral to a Magistrate Judge for trial

**18.      State whether a jury demand has been made and if it was made on time.**

No jury demand has been made.

**19.      Specify the number of hours it will take to present the evidence in this case.**

8-12 hours.

**20.      List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are currently no pending motions.

**21.      List other motions pending.**

None

**22.      Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

There are no peculiar matters in this case.

**23.      Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Defendant's filed Disclosure of Interested parties on May 02, 2022.

**24.      List the names, bar numbers, addresses and telephone numbers of all counsel.**

**<u>Pro-Se Plaintiff</u>**
**CHRISTOPHER CARMONA**
9919 Meadow Mill Forest Lane
Houston TX 77044
346-212-7731
Chriscarmona1986@gmail.com

**<u>Defendant's Counsel</u>**
**JON H. PATTERSON**
Texas Bar No. 24077588
jpatterson@bradley.com

Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8403
Fax:     (205) 488-6403

**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
malonso@bradley.com

**GABRIELLA ALONSO**
Texas Bar No. 24113527
GALONSO@BRADLEY.COM
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

Respectfully submitted,



By:   */s/ Gabriella Alonso*
    **JON H. PATTERSON**
    Texas Bar No. 24077588
    jpatterson@bradley.com
    Bradley Arant Boult Cummings LLP
    1819 Fifth Avenue North
    Birmingham, Alabama 35203-2104
    Telephone: (205) 521-8403
    Fax:     (205) 488-6403
    **MELISSA GUTIERREZ ALONSO**
    Texas Bar No. 24087648
    Fed. I.D. No. 2255351
    malonso@bradley.com
    **GABRIELLA ALONSO**
    Texas Bar No. 24113527
    GALONSO@BRADLEY.COM
    600 Travis Street, Suite 4800
    Houston, Texas 77002
    (713) 576-0300 Telephone
    (713) 576-0301 Telecopier
    ***ATTORNEYS FOR DEFENDANT***

## **CERTIFICATE OF CONFERENCE**

On July 25, July 27 and July 29, 2022, I conferred with Plaintiff, Christopher Carmona regarding this Joint Discovery Case Management Plan. Plaintiff consents to this filing.

*/s/ Gabriella E. Alonso*
Gabriella E. Alonso

## **CERTIFICATE OF SERVICE**

I certify that on this 29th day of July, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via US Mail*
*& E-mail: chriscarmona1986@gmail.com*
Christopher Carmona
9919 Meadow Mill Forest Lane
Houston, Texas 77044
*Plaintiff Pro-Se*

*/s/ Gabriella E. Alonso*
Gabriella E. Alonso